# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

JIANRU CHEN,

      Petitioner,

      v.

TRACY JOHNS, Warden,

      Respondent.

CIVIL ACTION NO.: 5:15-cv-56

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jianru Chen ("Chen"), who is currently housed at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 9.) Chen filed a Reply, and Respondent filed a Surreply. (Docs. 10, 12.) For the reasons which follow, I **RECOMMEND** that the Court **DENY** Chen's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **CLOSE** this case, and **DENY** Chen leave to proceed *in forma pauperis*.

## BACKGROUND

Chen was convicted in the Southern District of Florida, after entry of a guilty plea, of: aggravated identity theft, in violation of 18 U.S.C. § 1028(A)(a)(1); conspiracy to use counterfeit or unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(1) and (2); use of counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(1); and use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2). (Doc. 9-1, p. 11.) Chen was sentenced to an aggregate sentence of 41 months' imprisonment. (Id. at pp. 11–12.) He has a projected release date of November 9, 2016, via good conduct time release. (Id. at pp. 3, 10.)

In his Petition, Chen asserts he is entitled to credit against his federal sentence for the period between his arrest on January 11, 2013, until his sentencing in federal court on October 16, 2013. (Doc. 1, p. 4.) Chen also asserts he is entitled to credit against his sentence from the date of his federal sentencing on October 16, 2013, until November 16, 2013, which is when he contends his federal sentence start date was computed. (Id.) Instead, Chen states he has been credited with only the period between November 21, 2013, and January 20, 2014.

Respondent contends Chen has received all of the credit against his federal sentence to which he is entitled. (Doc. 9, p. 5.) Respondent states Chen's argument to the contrary is without merit because he has already received the credit he seeks and awarding additional credit violates the prohibition against receiving double credit.

## DISCUSSION

### I.    Sentence Computation

It is the duty of the United States Attorney General, acting through the Bureau of Prisons ("BOP"), to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). 18 U.S.C. § 3585, which pertains to "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993); see also 18 U.S.C. § 3584(a). It is for a federal court to decide if an offender's federal sentence will run concurrently or consecutively to any state sentence the offender may face. See United States v. Andrews, 330 F.3d 1305, 1307 n.1 (11th Cir. 2003). Additionally, "'if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas corpus *ad prosequendum* is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693.

A Montgomery County, Maryland, court issued a warrant against Chen on March 9, 2012. (Doc. 9-1, p. 33.) Chen was arrested in Miami-Dade County, Florida, on January 11, 2013, based on charges of credit card fraud. (Id. at p. 22.) On May 16, 2013, Chen was

3

temporarily released from Florida state custody pursuant to a writ of habeas corpus *ad prosequendum* to the custody of the United States Marshals Service. (Id. at p. 36.) Chen was sentenced in the Southern District of Florida on October 16, 2013, and was returned to Florida state custody. (Id. at pp. 26–27.)

The Miami-Dade County, Florida, court sentenced Chen to a 312-day sentence of time served on November 20, 2013, which was satisfied due to Chen being in the custody of the state of Florida from January 11 to November 20, 2013. (Id. at pp. 26–27.) Chen was then held in state custody pending his extradition to the State of Maryland. Chen's Maryland charges were dismissed on January 21, 2014, (id. at pp. 33–34), at which time Chen was released from state custody and transferred to the United States Marshals' custody. (Id. at p. 36.)

Chen received credit against his state of Florida sentence from January 11, 2013 (the date of his arrest), through November 20, 2013, (the date of his sentencing in Florida). Chen remained in custody of state authorities until January 21, 2014, which is the date Maryland dismissed its charges against Chen and he was transferred to the custody of the United States Marshals Service. The BOP conducted a sentence computation on the date Chen's federal sentence commenced, January 21, 2014. As a result of this computation, the BOP awarded Chen credit against his federal sentence from November 19, 2013, through January 20, 2014 (the day before he was released to exclusive federal custody), for a total of 63 days' prior credit. (Doc. 9-1, p. 5.)

Next, it must be determined what credit is due for time served prior to the commencement of Chen's federal sentence.[1] To determine whether Chen is entitled to any more credit against his federal sentence, the court must begin with the plain language of the statute

---

[1] Program Statement 5880.28 provides that, if the prisoner is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*) at the time of sentencing and not under another federal sentence, the sentence commences on the date of imposition. (Doc. 9-1, p. 46.)

4

itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

As noted above, Chen's federal sentence commenced on January 21, 2014, the date the United States Marshals Service obtained exclusive custody of him. 18 U.S.C. § 3585(a). Chen received 312 days' credit against his State of Florida sentence and 63 days' prior credit against his federal sentence. Chen is not entitled to any more credit against his federal sentence, as he has received every day of credit to which he is entitled. Chen cannot receive credit against his federal sentence for his requested dates (January 11, 2013, through November 20, 2013) because, to credit Chen with these dates, would be to give him "double credit", which is prohibited by statute. 18 U.S.C. § 3585(b). Chen is not entitled to his requested relief, and the Court should **DENY** his Petition on this basis.

## II. *Nunc Pro Tunc* **Designation**

In his Reply, Chen asserts the BOP erred in determining he was not entitled to *nunc pro tunc* designation of his federal sentence to run concurrently with his state sentence. (Doc. 10, p. 2.) Here, Chen was sentenced in federal court on November 16, 2013. His federal sentence was silent as to whether it was to run consecutively to or concurrently with his state sentence, so his federal sentence was to run consecutively to his state sentence. 18 U.S.C. § 3621(b);

J., United States v. Chen, 1:13-cr-20338-KMW (S.D. Fla. Oct. 17, 2013), ECF No. 94; (Doc. 9-1, p. 48.).[2]

The BOP shall designate the place of a prisoner's imprisonment.  18 U.S.C. § 3621(b). The BOP, in its "sound discretion", can "designate a state prison as a place of federal confinement *nunc pro tunc*."  Roman v. Nash, 184 F. App'x 277, 279 (3d Cir. 2006) (citing Barden v. Keohane, 921 F. 2d 476, 481 (3d Cir. 1991)).  In making this determination, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence--(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."  18 U.S.C. § 3621(b).

The BOP's implementation of this statute is found at Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence.  This Program Statement provides an inmate with the opportunity to request a *nunc pro tunc* designation based on an inmate's request for pre-sentence credit for time spent in service of a state sentence.  While the BOP must consider an inmate's request, the BOP has no obligation to grant the request "by designating a state institution retroactively as the place to serve the federal sentence." (Doc. 9-1, p. 49.)  The BOP will gather and review certain information, such as the federal and state Judgments and Commitments, the state sentence data record to include jail credit, and "any other

---

[2]  The BOP sent a letter to the sentencing judge in Chen's federal proceedings on July 20, 2015, and inquired whether the sentencing court would indicate whether Chen's federal sentence should run concurrently with his state term.  (Doc. 9-1, p. 55.)  The BOP did not hear back from the sentencing judge and determined Chen was not entitled to *nunc pro tunc* designation of his federal sentence to run concurrently with his state sentence, in accord with BOP and statutory directives.  (Id. & at pp. 48–50, 52.)

pertinent information" relating to the sentences. (Id.) Under BOP Program Statement 5160.05, the Regional Directors are delegated the authority to designate a non-federal facility for concurrent service of a federal sentence and may make such a designation "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Program Statement 5160.05, p. 4 (Jan. 16, 2003), www.bop.gov/policy/progstat/5160_005.pdf, last accessed July 27, 2016.

The BOP considered Chen's request for *nunc pro tunc* designation and denied the request. Chen was informed that his state sentence was running at the time his federal sentence was imposed. Chen was also informed that *nunc pro tunc* designation was not appropriate for him because the federal court had the opportunity to order that Chen's federal sentence run concurrently with his state sentence but did not. Chen was further informed that, by statute, multiple terms of imprisonment imposed at different times run consecutively unless a court orders otherwise and that a federal court has no jurisdiction to tell a state court how to calculate or run its sentences. (Doc. 9-1, pp. 59–60.)

The BOP considered Chen's request for *nunc pro tunc* designation, as required by statute and as implemented as Program Statement 5160.05. The BOP's decision to deny Chen's request falls within the BOP's discretion, and Chen provides no reason why this Court should disturb the BOP's determination. Chen is not entitled to his requested relief as to *nunc pro tunc* designation, and the Court should also **DENY** his Petition on this basis.

### III.    Leave to Appeal *In Forma Pauperis*

The Court should also deny Chen leave to appeal *in forma pauperis*. Though Chen has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party

proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Chen's Petition and the related pleadings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Chen's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **CLOSE** this case, and **DENY** Chen leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Chen and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA